# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS BLAKE LIVEOAK,** | ) |
| Plaintiff, | ) |
| v. | )    2:19-cv- |
| **LOANCARE, LLC; LAKEVIEW LOAN SERVICING, LLC,** | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Lakeview Loan Servicing, LLC (hereinafter "Lakeview"), joined by LoanCare, LLC (hereinafter "LoanCare"), while fully reserving their right to object to service, jurisdiction, and venue, and without waiving any of their other defenses or objections, removes to this Court the civil action styled, *Thomas Blake Liveoak v. LoanCare, LLC, et al.*, Case No. 01-CV-2019-903615 which was originally filed in the Circuit Court of Jefferson County, Alabama (Birmingham Division).

## BACKGROUND

1. On April 13, 2019, Plaintiff filed this lawsuit asserting various state law claims that arise from an alleged failure to save his home from foreclosure.

2. Plaintiff did not attempt to serve Lakeview with process, and did not properly serve LoanCare with process.

2503744.1

3. This Court has jurisdiction because complete diversity exists among the parties and the amount in controversy exceeds $75,000.

## TIMELINESS OF NOTICE OF REMOVAL

4. This removal is timely, and 28 U.S.C. § 1446(b)(1) is satisfied, because Plaintiff has not served either defendant.

5. Moreover, Plaintiff did not properly serve LoanCare because it did not serve its registered agent. See Ex parte LERETA, LLC, 226 So. 3d 140, 145 (Ala. 2016) (holding that "service on a corporation or business entity cannot be perfected by certified mail addressed merely to the entity itself."). The removal statutes provide that a defendant's right to removal runs from the date on which it is formally served with process. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999) (*holding that the removal deadline is not triggered "by mere receipt of the complaint unattended by any formal service."*); Edwards v. Apple Comput., Inc., 645 F. App'x 849, 852 (11th Cir. 2016) (*holding that "[Defendant's] notice of removal was timely because [Plaintiff] never formally served Apple with process, . . ."*). Consequently, Plaintiff has not properly served LoanCare with service.

2503744.1

# DIVERSITY JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**A.     Diversity of Citizenship**

7. Plaintiff is a citizen of Alabama.

8. Lakeview Loan Servicing, LLC is a citizen of Delaware and Florida for diversity jurisdiction. A limited liability company's citizenship is determined by the citizenship of all of its members. The sole member of Lakeview Loan Servicing, LLC is Bayview Asset Management, LLC. The sole member of Bayview Asset Management, LLC is Bayview Asset Management Holdings, LLC. The two members of Bayview Asset Management Holdings, LLC are Bayview Financial Holdings, LP and Bayview Financial Management Corporation. The citizenship of a limited partnership is determined by the citizenship of each of its partners. The general partner of Bayview Financial Holdings, LP is Bayview Financial Management Corporation. A corporation is considered to be a citizen of (1) a U.S. state where it is incorporated, and (2) the U.S. state where it has its principal place of business. Bayview Financial Management Corporation is incorporated and Delaware and its principal place of business is in Florida. The limited partners of Bayview Financial Holdings, LP are QKF Corporation and BFTG Holding

2503744.1

Company, Inc. QKF Corporation is incorporated in Florida and has its principal place of business in Florida. BFTG Holding Company, Inc. is incorporated in Florida and has its principal place of business in Florida. Based on the foregoing, Bayview Loan Servicing, LLC is a citizen of Delaware and Florida.

9. LoanCare is a citizen of a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire, and New York for diversity jurisdiction. LoanCare's sole member is ServiceLink NLS, LLC. ServiceLink NLS, LLC's sole member is ServiceLink Holdings, LLC. ServiceLink Holdings, LLC's sole member is ServiceLink Holdings, Inc, and ten private investment funds. ServiceLink Holdings, Inc. is a Delaware corporation with its principal place of business in Florida. One of the investment funds, THL Equity VI Investors (BKFS) III, L.P., is a Delaware limited partnership, whose sole member is a Japanese bank with its principal place of business in Japan. Two of the investment funds are limited liability companies. TFL Equity Fund VI Investors (BKFS-LM), LLC is held by six corporations. Two of the corporations are incorporated in Wisconsin, two are incorporated in Massachusetts, and two are incorporated in New Hampshire. All six of the corporations have their principal place of business in Massachusetts. The sole member of the other limited liability company, THL Equity Fund VI Investors (BKFS-NB), LLC, is a Wyoming limited partnership with its principal place of business in New York. The Wyoming limited partnership is held by a governmental

2503744.1

entity in the State of Wyoming and another Wyoming limited liability company, which, in turn, is controlled by a Delaware corporation with its principal place of business in New York. The remaining seven members of ServiceLink Holdings, LLC are Delaware corporations with their principal place of business in Massachusetts: THL Investors Black Knight II (A) Holding Corp.; THL Investors Black Knight II (B) Holding Corp.; THL Black Knight II (A) Holding Corp.; THL Black Knight II (B) Holding Corp.; THL Black Knight II (C) Holding Corp.; THL Black Knight II (D) Holding Corp.; and THL Black Knight II (E) Holding Corp. Accordingly, for purposes of diversity, LoanCare is a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire, and New York.

10. Consequently, this Court has jurisdiction because complete diversity exists between the parties. 28 U.S.C. § 1332(a)(1).

B. The Amount In Controversy Is Satisfied

11. The amount in controversy in this case exceeds $75,000.

12. Plaintiff asserts various tort claims pertaining to the foreclosure of his home and seeks compensatory damages, damages for mental anguish and emotional distress, punitive damages, and Plaintiff also alleges that "[n]ew and distinct damages caused by Defendant's [sic] negligence continue to occur to this date and new damage will continue to occur for the foreseeable future" (Compl. ¶ 37). See Holley Equipment Co. v. Credit Allstate Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)

2503744.1

(*"When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered."*).

13. Because Plaintiff's damages arise from an alleged failure to save his home from foreclosure, the property's fair market value is sufficient to satisfy the amount in controversy. See U.S. Bank, N.A. v. Smith, 693 F. App'x 827, 830 (11th Cir. 2017) (*reversing order of remand upon determining that the value of home that was the subject of removed foreclosure action exceeded $75,000*); McClung v. Mortg. Elec. Registration Sys., No. 2:11-CV-03621-RDP, 2012 U.S. Dist. LEXIS 200276, at *11 (N.D. Ala. Mar. 27, 2012) (*denying motion to remand where Plaintiff requested injunction against foreclosure and the value of the property exceeded $75,000*); Berry v. Mortg. Elec. Regis. Sys. Inc., 2012 WL 1145219, at *4 (S.D. Ala. March 15, 2012) (*holding that where a right to foreclose is at issue, the amount in controversy is "best measured by the value of the home itself"*); Blake v. Bank of America, N.A., 2011 WL 2650849, *3 (M.D. Ala. July 6, 2011) (*same*); Brown v. Citimortgage, Inc., 2011 WL 1059206, *3 (S.D. Ala. Mar. 4, 2011) (*"The most appropriate way to measure the value of the rights at stake when a foreclosure is at issue is the value of the property itself."*) (internal quotations omitted), report & recommendation adopted, 2011 WL 1059172 (S.D. Ala. Mar. 23, 2011).

14. The property at issue is worth more than $75,000. A true and correct copy of a the tax assessor's appraised value is attached hereto as Exhibit 1. A true

2503744.1

and correct copy of Plaintiff's note and mortgage are attached hereto as Exhibits 2 and 3. Moreover, to the extent that Plaintiff's damages arises from the collection of Plaintiff's debt, the unpaid principal balance of his loan exceeds $75,000. A true and correct copy of his account history is attached hereto as Exhibit 4.

## VENUE

15. Under 28 U.S.C. § 1441(a), this action may be removed to the district court and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for the Northern District of Alabama, Southern Division, because this is the district embracing Jefferson County, Alabama—the location of the pending state court action.

## PROCEDURAL COMPLIANCE

16. Because all defendants join in this removal, 28 U.S.C. § 1446(b)(2)(A) is satisfied.

17. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" Lakeview and LoanCare through this date, are attached hereto as Exhibit 5.

18. Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Lakeview and LoanCare will send written notice and a copy of the Notice of Removal to the Plaintiff and will file a copy of the Notice of Removal with the

2503744.1

Circuit Clerk for Jefferson County, Alabama (Birmingham Division). A copy of the state court filing will subsequently be filed as Exhibit 6 to this Notice of Removal.

WHEREFORE, Lakeview and LoanCare pray that this Notice of Removal be deemed good and sufficient, that Plaintiff's Complaint be removed from the Circuit Court of Jefferson County, Alabama (Birmingham Division) to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from said state court and thereupon proceed with this civil action as if it had originally been commenced in this Court.

/s/ T. Dylan Reeves
Christopher A. Bottcher
T. Dylan Reeves
Attorneys For LoanCare, LLC and
Lakeview Loan Servicing, LLC

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
cbottcher@mcglinchey.com
dreeves@mcglinchey.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2019 , I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to the following:

    T. Blake Liveoak
    LIVEOAK & BOYLES, L.L.C.
    The Kress Building, Suite 585
    301 19th Street North
    Birmingham, Alabama
    Phone: (205) 314-0640
    Fax: (205) 314-0642
    Email: bliveoaklaw@gmail.com

                                      /s/T. Dylan Reeves
                                      OF COUNSEL