FILED
2019 Nov-08 AM 11:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS BLACK LIVEOAK,** | ]<br>]<br>] |
| **Plaintiff,** | ]<br>]<br>] |
| v. | ]   2:19-cv-01641-ACA<br>] |
| **LOANCARE, LLC, et al.,** | ]<br>]<br>] |
| **Defendants.** | ] |

## **MEMORANDUM OPINION**

Before the court is Defendants Loancare, LLC, and Lakeview Loan Servicing, LLC's unopposed motion to dismiss the complaint. (Doc. 4).

Plaintiff Thomas Blake Liveoak alleges that, after he fell behind on his mortgage payments, Defendants made it difficult for him to seek loss mitigation options and disregarded the loss mitigation package he eventually submitted. In this lawsuit he asserts that they are liable for (1) negligent hiring/supervision/training ("Count One"); (2) misrepresentation/innocent fraud ("Count Two"); (3) fraudulent suppression ("Count Three"); and (4) negligence ("Count Four"). (Doc. 1-5 at 7–10).

Defendants have moved to dismiss the complaint. (Doc. 4). Because Mr. Liveoak's negligence claims arise out of a contractual duty, the court **WILL GRANT** the motion to dismiss Counts One and Four and **WILL DISMISS** those

claims **WITHOUT PREJUDICE**. And because Mr. Liveoak has not pleaded his fraud-based claims with particularity, as required by Federal Rule of Civil Procedure 9(b), the court **WILL GRANT** the motion to dismiss Counts Two and Three and **WILL DISMISS** those claims **WITHOUT PREJUDICE**.

## I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Mr. Liveoak alleges that he owns a property in Vestavia Hills, Alabama, the purchase of which he financed with a mortgage. (Doc. 1-5 at 7 ¶¶ 1–2). He recently fell behind on his mortgage payments and contacted Loancare and Lakeview Loan Servicing to seek assistance paying his mortgage. (*Id.* at 7 ¶ 6). Mr. Liveoak states that "the mortgage was not with Defendants LoanCare, LLC and Lakeview Loan Servicing, LLC" (*id.* at 7 ¶ 3), but it appears that Defendants were the mortgage servicers (*see generally id.* at 7–8 ¶¶ 6–8). Defendants made it difficult to seek assistance, but told him that they would offer him a forbearance plan, that they did not intend to foreclose on the home, that they would review a "Loss Modification Package" if he submitted one, and that they would offer him assistance to retain his home. (Doc. 1-5 at 7–8 ¶ 6, 9 ¶ 16). Eventually Mr. Liveoak was able to contact Defendants' Loss Mitigation Department, which provided Mr. Liveoak with a loss

mitigation package. (*Id.* at 7–8 ¶ 6–7). He completed the package and submitted it, but Defendants have never reviewed it or responded to it. (*Id.* at 8 ¶ 8).

## II. DISCUSSION

"To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1. Count One (Negligent Hiring/Supervision/Training) and Count Four (Negligence)

In Count One, Mr. Liveoak alleges that Defendants negligently supervised, inspected, hired, trained, instructed, or educated its employees, agents, and affiliates, apparently based on the difficulty he experienced when he contacted Defendants to seek assistance in making mortgage payments. (Doc. 1-5 at 8 ¶ 11). In Count Four, he alleges that Defendants were negligent, without offering any facts in support of that allegation. (*Id.* at 10 ¶¶ 32–37).

Defendants seek dismissal of the negligence claims on the bases that (1) these claims arise out of a contractual relationship and therefore cannot support a tort-based cause of action; (2) mortgage servicers cannot be held liable for economic

3

losses; and (3) Alabama law does not recognize a claim for negligent mortgage servicing. (Doc. 5 at 3–9).

Alabama law does not recognize claims of negligence arising out of breach of contractual duties. *See U.S. Bank Ass'n v. Shepherd*, 202 So. 3d 302, 314 (Ala. 2015); *see also Vines v. Crescent Transit Co.*, 85 So. 2d 436, 440 (Ala. 1956) ("[A] negligent failure to perform a contract . . . is but a breach of the contract."). Based on that general rule, the Alabama Supreme Court has held that no cause of action for negligent servicing of a mortgage is available under Alabama law. *Id.* at 314–15. And a number of federal courts have found that because Alabama law does not provide for negligent servicing of a mortgage, a plaintiff cannot assert a claim for negligent hiring, supervision, or training arising out of negligent servicing of a mortgage. *See James v. Nationstar Mortg., LLC*, 92 F. Supp. 3d 1190, 1200–01 (S.D. Ala. 2015); *Costine v. BAC Home Loans*, 946 F. Supp. 2d 1224, 1235 (N.D. Ala. 2013); *Tidmore v. Bank of Am., N.A.*, no. 4:15-cv-2210-JEO, 2017 WL 467473, at *4–6 (N.D. Ala. Feb. 3, 2017).

These holdings foreclose Mr. Liveoak's claims of negligence against Defendants. Although his factual allegations are sparse, even construed in the light most favorable to him the negligence claims arise out of the contractual obligations made in the mortgage. Accordingly, he cannot assert tort claims for negligence, and the court **WILL GRANT** Defendants' motion to dismiss Counts One and Four.

2. Counts Two (Misrepresentation/Innocent Fraud) and Three (Suppression)

In Count Two, Mr. Liveoak alleges that Defendants misrepresented that they would offer him a forbearance plan, that they did not intend to foreclose on his home, that they would review his loss mitigation package, and that they would offer him assistance to retain his home. (Doc. 1-5 at 9 ¶ 16). In Count Three, Mr. Liveoak alleges that Defendants suppressed the facts that they did not intend to offer him a forbearance plan, that they intended to foreclose on the home, that they would not review his loss mitigation package, and that they would not offer him assistance to retain his home. (Doc. 1-5 at 9 ¶ 25).

Defendants seek dismissal of the misrepresentation and suppression claims because (1) Mr. Liveoak did not plead them with particularity, as required by Federal Rule of Civil Procedure 9(b); (2) they are barred by the Statute of Frauds; (3) Mr. Liveoak has not pleaded reasonable reliance; and (4) Defendants did not owe any duty to him. (Doc. 5 at 10–14). Because the court finds that Mr. Liveoak has not pleaded his claims with particularity, and that lack of particularity makes it impossible to assess Defendants' other arguments, the court will address only the Rule 9(b) argument.

Under Alabama law, the elements of a fraudulent misrepresentation claim are "(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the

misrepresentation." *Padgett v. Hughes*, 535 So.2d 140, 142 (Ala. 1988). The elements of a fraudulent suppression claim are "(1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury." *DGB, LLC v. Hinds*, 55 So. 3d 218, 231 (Ala. 2010). Alabama law provides that all misrepresentation claims, whether intentional, negligent, or innocent, are claims of "legal fraud." Ala. Code § 6-5-101 ("Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.").

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Although Mr. Liveoak filed his complaint in state court, now that it has been removed to federal court, the Federal Rules apply. *See* Fed. R. Civ. P. 41(c)(1); *Willy v. Coastal Corp.*, 503 U.S. 131, 134–35 (1992). Accordingly, Mr. Liveoak's fraud claims must be pleaded with particularity to survive dismissal.

Pleading a claim with particularity requires a number of details that regular notice pleading does not:

> (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the

manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). Mr. Liveoak's allegations do not meet any of these requirements. Accordingly, the court **WILL GRANT** Defendants' motion to dismiss the fraud-based claims for failure to plead with particularity, and **WILL DISMISS** Counts Two and Three **WITHOUT PREJUDICE**.

### III. CONCLUSION

The court **WILL GRANT** Defendants' motion to dismiss the complaint and **WILL DISMISS** the complaint **WITHOUT PREJUDICE**. (Doc. 4).

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this November 8, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE